UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARON A. HARRISON,

                              Plaintiff,

      v.                                                **DECISION AND ORDER**
                                                                  17-CV-98S

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

      1.      Plaintiff Sharon A. Harrison challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since June 1, 2009, due to osteoarthritis, carpal tunnel syndrome, depression, and anxiety. Plaintiff argues that her impairments have rendered her unable to work. She therefore asserts that she is entitled to payment of supplemental security income ("SSI") under the Act.

      2.      Plaintiff filed an application for SSI on February 5, 2013. The Commissioner denied the application, after which Plaintiff timely filed a request for a hearing. Pursuant to Plaintiff's request, ALJ Sharon Seeley held an administrative hearing on December 18, 2014, at which Plaintiff appeared with counsel and testified, as did Deborah A. Dutton-Lambert, an impartial vocational expert. The ALJ considered the case *de novo* and, on August 21, 2015, issued a decision denying Plaintiff's application for benefits. On December 9, 2016, the Appeals Council denied Plaintiff's request for review.

1

3. Plaintiff filed the current civil action on February 1, 2017, challenging Defendant's final decision.[1] On July 2, 2017, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 9.) Defendant filed a Motion for Judgment on the Pleadings on August 31, 2017. (Docket No. 12.) This Court took the motions under advisement without oral argument. For the following reasons, Plaintiff's motion is denied, and Defendant's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

---

[1] The ALJ's April 22, 2015 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

3

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process, set forth above: (1) Plaintiff has not engaged in substantial gainful activity since February 5, 2013, the date the application was filed (R. at 21);[2] (2) Plaintiff's osteoarthritis, carpal tunnel syndrome, depression, and anxiety constitute "severe" impairments within the meaning of the Act (id.); (3) Plaintiff's impairments do not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (id.); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a less than full range of sedentary work[3] (R. at 23); and (5) Plaintiff is able to perform her past relevant work as

---

[2] Citations to the underlying administrative record are designated as "R."
[3] The ALJ found that plaintiff can lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand or walk for two hours in an eight-hour work day, alternating after 30 minutes to sitting for 10 minutes; occasionally kneel, crouch, crawl, reach overhead with the bilateral upper extremities, climb stairs, and balance on uneven surfaces; never climb ladders, ropes, or scaffolds; perform work involving no supervisory responsibilities and no independent decision-making except with respect to routine work-related decisions; and have occasional interaction with coworkers and the general public.

an Electronic Chip Inspector (R. at 27). Ultimately, the ALJ determined that Plaintiff was not disabled, as defined by the Act, at any time from February 5, 2013, through the date of her decision on August 21, 2015. (R. at 28.)

10. Plaintiff argues that the findings are not supported by substantial evidence because the ALJ failed to evaluate whether the cane she uses is medically necessary, and did not inquire from the vocational expert whether the cane would impact Plaintiff's ability to perform her past relevant work. In determining the RFC of a claimant, "[t]he Commissioner must consider objective medical evidence, opinions of examining or treating physicians, subjective evidence submitted by the claimant, as well as the claimant's background, such as age, education, or work history." Stover v. Astrue, No. 11-CV-172, 2012 WL 2377090, at *6 (S.D.N.Y. Mar. 16, 2012). An RFC determination specifies the "most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545. The RFC determination is reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(e)(2) and 416.927(e)(2).

Plaintiff's exertional limitations are primarily addressed in opinions from consultative medical examiner Hongbiao Liu, M.D., who examined Plaintiff in May 2013, and Elizabeth Stom, MSPT, who performed functional capacity evaluations for Plaintiff in December 2012 and October 2014. Based upon his examination, Dr. Liu found that Plaintiff demonstrated reduced range of motion of the cervical and lumbar spine, shoulders, and knees, but that she had full strength in the upper and lower extremities and normal sensation. (R. at 382.) He noted that that Plaintiff needed no help changing for the examination or getting on or off the examination table, was able to rise from her chair without difficulty, had full range of motion of the elbows, forearms, wrists, hips and

5

ankles, stable and non-tender joints, normal reflexes, full grip strength, and intact hand and finger dexterity. (R. at 382-84.) Based on these observations and findings, Dr. Liu opined that Plaintiff had moderate limitation for prolonged walking, bending, kneeling and overhead reaching, and that a cane was medically necessary. (R. at 382.)

In her first evaluation, Ms. Stom concluded that Plaintiff could lift between five and ten pounds and could occasionally push, pull, stand, sit, climb stairs, and walk. (R. at 486-89.) After the second evaluation, in October 2014, Ms. Stom opined that Plaintiff could lift five pounds, occasionally sit, stand, push, pull, climb stairs and walk. (Id.) She concluded that Plaintiff had the capacity for sedentary work and should be referred to vocational training, noting that Plaintiff self-limited lifting and walking job-simulation tasks and that the test findings, in combination with clinical observations, suggested inconsistency in the reliability and accuracy of the Plaintiff's reports or pain and disability. (Id.) Ms. Stom did not find that a cane was medically necessary.

"[W]hen reviewing the medical evidence, the ALJ has the authority to select among conflicting opinions." Pines v. Comm'r of Soc. Sec., No. 13-cv-6850-AJN-FM, 2015 WL 872105, at *3 (S.D.N.Y. Mar. 2, 2015). Further, "[t]here is no requirement that the agency accept the opinion of a consultative examiner concerning a claimant's limitations." Pellam v. Astrue, 508 F. App'x 87, 89 (2d. Cir. 2013) (finding substantial evidence supported the ALJ's decision not to adopt the consulting examiner's conclusions). When "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that [s]he have mentioned every item of testimony presented to [her] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead [her] to a conclusion of disability." Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983).

6

The ALJ properly assigned some weight to consulting medical examiner Dr. Liu, because his opinion is the only medical source statement regarding the Plaintiff's physical functional capacity. (R. at 26.) However, the ALJ assigned greater weight to the physical therapist, Ms. Stom, because, while she is not a physician,[4] her assessment was based on a specific functional capacity evaluation. (Id.) SSR 06-3p states that, depending on the particular facts of case, "an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source'." The ALJ relied on Ms. Stom's opinion that Plaintiff was self-limiting during the evaluation, and found that this called into question the reliability and accuracy of the plaintiff's reports of pain and disability. (R. at 26.) She also noted that Plaintiff's inaccurate reporting of marijuana use bore negatively on the credibility assessment. (Id.) Further, Ms. Stom's opinion is supported by Plaintiff's self-reported performance of extensive daily activities, such as cooking, cleaning the house, doing laundry, shopping, showering, getting dressed, and socializing with friends (R. at 382), as well as babysitting her three-year old twin granddaughters (R. at 431). As the Second Circuit held in Mongeur, an ALJ is not required to explain why she considered particular testimony unpersuasive when the evidence of record allows us to gather the rationale of the ALJ's decision. See 722 F.2d at 1040. The ALJ did acknowledge Plaintiff's use of a cane, but properly left it out of her RFC determination after assigning greater weight to Ms. Stom's opinion and to Plaintiff's self-reported activities. (R. at 49, 55-56.)

---

[4] Under SSR 06-03p Ms. Stom is not listed as a "medical source" and is listed under "other sources" because she is a physical therapist and not a licensed physician, psychologist, optometrist, podiatrist, or speech-language pathologist. SSR 06-03p has been rescinded by Federal Register Notice Vol. 82, No. 57, page 15263, but remains in effect for claims filed before March 27, 2017.

Moreover, even if the ALJ erred in not including a cane requirement, such an error would be harmless. Plaintiff bears the burden of proof as to the first four steps of evaluating whether an individual is disabled under the act. See Bowen, 482 U.S. at 146 n.5. At step four, the ALJ found that Plaintiff had the ability to perform her past relevant work as an electronic chip inspector as it did not require activities precluded by the Plaintiff's RFC. (R. at 27-28.) Plaintiff stated the work required 30 minutes of walking, 20 minutes of standing, seven hours of sitting, and lifting less than ten pounds without climbing, stooping, kneeling, crouching, or crawling. (R. at 221.) Plaintiff offers no evidence that she would be unable to perform her past relevant work while using a cane.

11. Having considered Plaintiff's challenges, this Court is satisfied that the ALJ committed no reversible error, and that his decision is based on substantial evidence. Defendant's Motion for Judgment on the Pleadings is therefore granted and Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: June 27, 2018
      Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                      United States District Judge